ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2010 JUL 28 PM 3:55

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:09-CR-320-M |
| | § | |
| ENRIQUE LOPEZ (01) | § | |

**NOTICE OF INTENT TO SEEK THE DEATH PENALTY**

The United States of America, by and through its attorneys, James T. Jacks, United States Attorney for the Northern District of Texas, and Gary C. Tromblay and Brandon N. McCarthy, Assistant United States Attorneys, pursuant to 18 U.S.C. § 3593(a), gives notice that in the event of Enrique Lopez's conviction for either or both offenses charged in Counts Eight and Nine of the Superseding Indictment filed July 20, 2010, both capital offenses relating to the death of Cresencio Borquez, the victim, the United States will seek a sentence of death. Specifically, Count Eight charges Lopez with attempted bank robbery resulting in the death of the victim, in violation of 18 U.S.C. § 2113(a), (d), and (e), and Count Nine charges him with causing the intentional death of the victim through the use of a firearm while committing attempted bank robbery, a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) and (j)(1). Lopez was 18 years of age or older at the time of these offenses.

## I. STATUTORY AGGRAVATING FACTORS

The United States will seek to prove the following statutory aggravating

circumstances as a basis for the imposition of the death penalty for the intentional killing of the victim as charged in the Superseding Indictment:

A. **Statutory Factors Enumerated in 18 U.S.C. § 3591(a)(2)**

Pursuant to 18 U.S.C. § 3591(a)(2), the United States will rely on the following factors to establish Lopez's eligibility for the death penalty:

1. **Intentional Killing.** Lopez intentionally killed the victim, 18 U.S.C. § 3591(a)(2)(A).

2. **Intentional Infliction of Serious Bodily Injury.** Lopez intentionally inflicted serious bodily injury that resulted in the death of the victim, 18 U.S.C. § 3591(a)(2)(B).

3. **Intentional Act to Take Life.** Lopez intentionally participated in an act, contemplating that the life of the victim would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act, 18 U.S.C. § 3591(a)(2)(C).

4. **Intentional Act of Violence creating Grave Risk of Death.** Lopez intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as

a direct result of the act, 18 U.S.C. § 3591(a)(2)(D).

**B. Statutory Aggravating Factors Enumerated in 18 U.S.C. § 3592(c)**

Pursuant to 18 U.S.C. § 3592(c), the United States will rely on the following statutory aggravating factors to justify the death penalty:

1. **Grave Risk of Death to Additional Persons.** Lopez, in the commission of the offenses, knowingly created a grave risk of death to one or more persons in addition to the victim, 18 U.S.C. § 3592(c)(5).

2. **Pecuniary Gain.** Lopez committed the offenses as consideration for the receipt, or in the expectation for the receipt, of anything of pecuniary value, 18 U.S.C. § 3592(c)(8).

3. **Substantial Planning and Premeditation.** Lopez committed the offenses after substantial planning and premeditation to cause death, 18 U.S.C. § 3592(c)(9).

4. **Multiple Killings or Attempted Killings.** Lopez intentionally attempted to kill more than one person in a single criminal episode, 18 U.S.C. § 3592(c)(16).

## II. NON-STATUTORY AGGRAVATING FACTORS

The United States will seek to prove the following non-statutory aggravating circumstances as a basis for the imposition of the death penalty for the intentional killing

of the victim as charged in the Superseding Indictment:

**A. <u>Non-Statutory Aggravating Factors</u>**

**1. Victim Impact Evidence.** Lopez caused loss, injury, and harm to the victim and to the victim's family. *See Payne v. Tennessee*, 501 U.S. 808, 825-27 (1991). Accordingly, the United States will present evidence to include, but not limited to, the following:

**(a) <u>Victim Characteristics</u>.** Lopez caused the death of the victim, Cresencio Borquez, a responsible, caring, hard-working, 46-year-old man, who shared a close relationship with his wife, children, and grandson. Lopez did not give the victim a chance to comply with his illegal demands before he fatally shot him.

**(b) <u>Impact of the Offenses on the Victim's Family</u>.** Lopez caused emotional and financial harm to the victim's wife and children, who are devastated by his senseless and untimely death.

**B. <u>Other Aggravating Factors</u>**

**1. Participation in Other Acts of Violence.** Lopez committed other armed bank robberies on or about February 13, 2009, June 13, 2009, August 1, 2009, and October 3, 2009. On September 18, 2009,

Lopez killed the victim with the pistol taken from a security guard during the bank robbery he committed on February 13, 2009.

2. **Future Dangerousness.** Lopez presents a continuing danger to the lives and safety of other persons. Lopez has engaged in a continuing pattern of violence. Specifically, Lopez committed armed bank robberies between February 13, 2009, and October 3, 2009. Lopez committed another armed bank robbery fifteen days after he killed the victim during an attempted armed bank robbery.

3. **Lack of Remorse.** Lopez lacks remorse for the victim's murder, as well as remorse for the other armed bank robberies that he committed between February 13, 2009, and October 3, 2009.

[NO FURTHER INFORMATION ON THIS PAGE]

The United States further gives notice that in support of the imposition of the death penalty for Counts Eight and Nine of the Superseding Indictment filed July 20, 2010, it intends to rely upon all of the evidence admitted by the Court at the guilt phase of the trial and the other offenses charged in the Superseding Indictment as they relate to Lopez's background and character, his moral culpability, and the nature and circumstances of the offenses charged in the Superseding Indictment.

Respectfully submitted, this 28th day of July, 2010.

JAMES T. JACKS
United States Attorney

GARY C. TROMBLAY
Assistant United States Attorney

BRANDON N. MCCARTHY
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of July, 2010, a copy of the foregoing document was served on Enrique Lopez, the defendant, by mailing a copy of the same to his attorneys of record, William Harris and Brian O'Shea, via First Class United States Mail, postage pre-paid.

GARY C. TROMBLAY
Assistant United States Attorney