ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 3:09-CR-320-M |
| ENRIQUE LOPEZ | § § | |

## PLEA AGREEMENT

Enrique Lopez, defendant, William Harris, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Lopez understands that he has the right:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Lopez waives these rights and pleads guilty to the offenses alleged in Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, and Eleven of the indictment, charging violations of (1) 18 U.S.C. § 371; (2) 18 U.S.C. § 2113(a), (d), (e), and § 2; and (3) 18 U.S.C. § 924(c)(1)(A), (C)(i), and (j)(1), that is:

| | |
|---|---|
| Count One: | Conspiracy to Commit Bank Robbery |
| Count Two: | Bank Robbery |
| Count Three: | Using, Carrying, and Brandishing a Firearm During and in Relation to, and Possessing a Firearm in Furtherance of, a Crime of Violence. |
| Count Four: | Bank Robbery |
| Count Five: | Using, Carrying, and Brandishing a Firearm During and in Relation to, and Possessing a Firearm in Furtherance of, a Crime of Violence. |
| Count Six: | Bank Robbery |
| Count Seven: | Using, Carrying, and Brandishing a Firearm During and in Relation to, and Possessing a Firearm in Furtherance of, a Crime of Violence. |
| Count Eight: | Bank Robbery (Causing Death) |
| Count Nine: | Causing the Death of a Person through the Use of a Firearm During a Crime of Violence |
| Count Ten: | Bank Robbery |
| Count Eleven: | Using, Carrying, and Brandishing a Firearm During and in Relation to, and Possessing a Firearm in Furtherance of, a Crime of Violence. |

Lopez understands the nature and elements of the crimes to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

    3.    **Sentence**: The maximum penalties the Court can impose include:

COUNT ONE:    a.    imprisonment for a period not to exceed 5 years;

  b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim;

  c. a term of supervised release of not more than three years may follow any term of imprisonment. If Lopez violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

  d. a mandatory special assessment of $100;

  e. restitution to victims or to the community, which is mandatory under the law, and which Lopez agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

  f. costs of incarceration and supervision.

COUNTS
TWO, FOUR
SIX, TEN: a. imprisonment for a period not to exceed 25 years;

  b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim;

  c. a term of supervised release of not more than five years may follow any term of imprisonment. If Lopez violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

  d. a mandatory special assessment of $100 per count;

  e. restitution to victims or to the community, which is mandatory under the law, and which Lopez agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

  f. costs of incarceration and supervision.

COUNT

THREE:  
    a. imprisonment for a mandatory term of not less than five years, and not more than life; to be served consecutively to any other term of imprisonment;

    b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c. a term of supervised release of not more than five years may follow any term of imprisonment. If Lopez violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d. a mandatory special assessment of $100;

    e. restitution to victims or to the community, which is mandatory under the law, and which Lopez agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

    f. costs of incarceration and supervision.

COUNTS FIVE, SEVEN,  
ELEVEN:  
    a. imprisonment for a mandatory term of not less than twenty-five years, and not more than life; each count to be served consecutively to any other term of imprisonment;

    b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c. a term of supervised release of not more than five years may follow any term of imprisonment. If Lopez violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d. a mandatory special assessment of $100 per count;

    e. restitution to victims or to the community, which is mandatory under the law, and which Lopez agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

    f.  costs of incarceration and supervision.

COUNT
EIGHT:  a.  imprisonment for a period not less than LIFE; to be served consecutively to any other term of imprisonment;

    b.  a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c.  a term of supervised release of not more than five years may follow any term of imprisonment. If Lopez violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d.  a mandatory special assessment of $100;

    e.  restitution to victims or to the community, which is mandatory under the law, and which Lopez agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

    f.  costs of incarceration and supervision.

COUNT
NINE:  a.  imprisonment for a period not less than LIFE;

    b.  a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim;

    c.  a term of supervised release of not more than five years may follow any term of imprisonment. If Lopez violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;[1]

    d.  a mandatory special assessment of $100;

---

[1] Supervised release is provided for under 18 U.S.C. § 3583, USSG § 5D1.2 despite the mandatory life sentence.

Plea Agreement Page 5

    e.    restitution to victims or to the community, which is mandatory under the law, and which Lopez agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

    f.    costs of incarceration and supervision.

4. **Conditional plea:** Lopez understands that the Attorney General ultimately decides whether the United States will or will not seek the death penalty. Lopez's plea of guilty is conditioned upon the Attorney General authorizing the government to proceed in this matter without seeking the death penalty against Lopez. The parties understand and agree that this agreement will be null and void should the Attorney General determine that the United States will seek the death penalty against Lopez; whereupon, Lopez will then be entitled to withdraw his guilty plea if he desires to do so

5. **Court's sentencing discretion and role of the Guidelines:** Lopez understands that the sentence in this case will be imposed by the Court and the minimum sentence is: two consecutive Life sentences plus an 85 year consecutive sentence. Lopez has reviewed the terms of punishment with his attorney, and he understands what he is facing.

6. **Mandatory special assessment:** Lopez agrees to pay to the U.S. District Clerk the amount of $100 per count, in satisfaction of the mandatory special assessment in this case.

7. **Defendant's cooperation**: Lopez shall cooperate with the government by giving truthful and complete information concerning his participation in the offenses of conviction as well as his knowledge of criminal activities. Upon demand, Lopez shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. The government will advise the Court of the extent of Lopez's cooperation.

8. **Government's agreement**: The government will not bring any additional charges against Lopez based upon the conduct underlying and related to the defendant's plea of guilty. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Lopez or any property.

9. **Violation of agreement**: Lopez understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Lopez for all offenses of which it has knowledge. In such event, Lopez waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, or the Attorney General fails to withdraw the notice of intent to seek death, Lopez waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force, threats, or of promises apart from those set forth in this plea agreement.

11. **Waiver of right to appeal or otherwise challenge sentence**: Lopez waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Lopez, however, reserves the right to challenge the voluntariness of his plea of guilty or this waiver and to bring a claim of ineffective assistance of counsel.

12. **Immigration consequences**: Lopez recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which Lopez is pleading guilty. Indeed, because Lopez is pleading guilty to above-listed offenses, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and Lopez understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Lopez nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea of guilty may entail, even if the consequence is his automatic removal from the United States.

13. **Representation of counsel**: Lopez has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Lopez has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Lopez has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

14. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 21st day of June, 2012.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_____
ENRIQUE LOPEZ
Defendant

_____
WILLIAM HARRIS
Attorney for Defendant

_____
SARAH R. SALDAÑA
United States Attorney

_____
BRANDON N. MCCARTHY
Assistant United States Attorney
Texas State Bar No. 24027486
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699

                           Telephone:  214.659.8600
                           Facsimile:   214.767.4100

*/s/ Jerri Sims*

JERRI L. SIMS
Assistant United States Attorney

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

*/s/ Enrique Lopez*                    2-3-12

ENRIQUE LOPEZ               Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____      _____

WILLIAM HARRIS              Date
Attorney for Defendant